UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Respondent, )<br>)<br>v. )<br>)<br>)<br>ALBA D. RESTREPO, )<br>)<br>Petitioner. ) | Crim. No. 91-0559-04 (TFH)<br>Civ. No. 01-2082 |

MEMORANDUM OPINION

Pending before the Court is Petitioner Alba D. Restropo's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Upon consideration of the parties' submissions and the entire record, the Court will deny petitioner's motion.

## I. BACKGROUND

On July 21, 1992, petitioner and her co-defendants were found guilty of conspiracy to distribute and possess with intent to distribute illegal drugs. Petitioner was also found guilty of four substantive drug counts, interstate travel in aid of racketeering, and use of a telephone to facilitate the drug conspiracy. Petitioner was sentenced to a term of imprisonment of 360 months followed by five years of supervised release, pursuant to 21 U.S.C. § 841(b)(1)(A). The Court of Appeals for the District of Columbia Circuit affirmed the convictions and sentence on July 26, 1996. *See United States v. Williams-Davis*, 90 F.3d 490 (D.C. Cir. 1996). The United States Supreme Court denied petitioner's application for a writ of certiorari on February 18, 1997. *Restrepo v. United States*, 519 U.S. 1129 (1997). Petitioner filed the instant motion on June 27, 2001.

## II.  DISCUSSION

Petitioner claims that the sentence imposed is contrary to the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.  The Supreme Court subsequently applied *Apprendi* to invalidate a death sentence.  *See Ring v. Arizona*, 536 U.S. 584 (2002).  Petitioner asserts that the specific drug quantity (5 kilograms of cocaine or more) was neither alleged in the indictment nor submitted to a jury and proven beyond a reasonable doubt.  She therefore seeks to be resentenced in accordance with 21 U.S.C. § 841 (b)(1)(A), based upon the lowest quantity available in the Drug Quantity Table rather than the 5 kilograms or more of cocaine for which she was originally sentenced.  *See* Petitioner's Motion at 5, 11.

These proceedings are limited by the following provision:

> [a] 1-year period of limitation shall apply to a motion under this section. The limitation  period shall run from the latest of– (1) the date on which the judgment of conviction becomes final; . . .  [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255 ¶ 6.  *Apprendi* was decided nearly three years after petitioner's conviction became final.  The Supreme Court has determined that the *Ring* decision (an *Apprendi* progeny) "announced a new procedural rule that does not apply retroactively to cases already final on direct review." *Schriro v. Summerlin*, 542 U.S. 348 ___, 124 S.Ct. 2519, 2526 (2004).  "*[A] fortiori Apprendi* does not apply retroactively on habeas review." *Blakely v. Washington*, 542 U.S. 296 ___, 124 S.Ct. 2531, 2549 (2004) (O'CONNOR, J. dissenting) (citation and parenthesis omitted).

2

Petitioner's untimely motion establishes no basis for relief under § 2255 and therefore is denied.

A separate order accompanies this Memorandum Opinion.

_____s/_____
Thomas F. Hogan, Chief Judge
United States District Court

Date: October 3, 2005